IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HORACE BABINEAUX | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv29 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Horace Babineaux, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

In 2021, pursuant to a plea of guilty entered in the 260th District Court of Orange County, Texas, petitioner was convicted of aggravated robbery. He was sentenced to 25 years of imprisonment. Petitioner did not appeal his conviction or sentence.

Petitioner subsequently filed a state application for writ of habeas corpus. The Texas Court of Criminal Appeals denied the application without written order on December 14, 2022.

### Grounds for Review

Petitioner asserts he received ineffective assistance of counsel because his attorney never reviewed any discovery with him and did not conduct any pretrial investigation. Petitioner states that as a result of his attorney's ineffectiveness, his plea of guilty was involuntary.

### Standard of Review

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id*. at 409-411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id*.

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951.

<u>Analysis</u>

*Involuntary Guilty Plea*

Petitioner asserts that due to deficient performance by counsel, his plea of guilty was involuntary. He states that but for counsel's deficient performance, he would not have accepted the prosecution's plea offer and insisted on going to trial.

A federal court will uphold a guilty plea in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). For a plea to be intelligently and knowingly entered, the defendant must understand both the true nature of the charge against him and the consequences of the plea. *United States v. Briggs*, 939 F.2d 222, 227 (5th Cir. 1991).

The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and the substance of the charges against him and not necessarily whether he understood their technical legal effect." *James*, 56 F.3d at 666. "As long as the defendant understood the length of the imprisonment he might possibly receive, he is fully aware of the consequences of his plea." *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993). When "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, that plea should be upheld on federal review." *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

Prior to entering his guilty plea, petitioner signed a document entitled "Written Plea Admonishments in the 260th District Court of Orange County, Texas." The document informed petitioner he had been charged with aggravated robbery, a first degree felony, and that he could be sentenced to a term of imprisonment ranging from 5 to 99 years. In a portion of the document entitled "Defendant's Stipulations, Waivers and Judicial Confession," petitioner acknowledged he was aware of the consequences of his plea, was mentally competent and that his plea was freely, voluntarily and intelligently made. Petitioner also acknowledged that, as a result of his guilty plea, he was waiving certain rights. Finally, Petitioner acknowledged that his attorney had explained the

indictment returned against him and that he was totally satisfied with counsel's performance. (doc. no. 11-3, pp. 9-10).

The Plea Admonishments form signed by petitioner constitutes an official document that is entitled to a presumption of regularity. *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *Hobbs*, 752 F.2d at 1081. This document demonstrates petitioner was aware of the charge against him, the punishment he could receive and that his guilty plea was voluntary.

The record reflects that petitioner's guilty plea was voluntary. The rejection by the state courts of this ground for review was therefore not contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor did it result in a decision that was based on an unreasonable determination of the facts before the state courts.

*Ineffective Assistance of Counsel*

A. <u>Substantive Standard</u>

In order to establish an ineffective assistance of counsel claim, a petitioner must prove counsel's performance was deficient, and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because a petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). To overcome the presumption that counsel provided reasonably effective assistance, a petitioner must prove counsel's performance was objectively unreasonable in light of the facts of the case. *Strickland*, 466 U.S. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, a petitioner must also show prejudice resulting from the inadequate performance. *Strickland*, 466 U.S. at 691-92. A

petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if a petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*. at 102.

B. Application

Petitioner asserts counsel was ineffective because he failed to review the discovery materials with him. He also contends counsel failed to conduct a pretrial investigation of his case.

A petitioner asserting counsel was ineffective for failing to conduct a proper pre-trial investigation must allege with specificity the evidence additional investigation would have uncovered and must also explain why it would have changed the outcome of the proceeding. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Petitioner has failed to satisfy this burden. He has described no additional evidence that would have been discovered if counsel had investigated his case more thoroughly. Nor has he shown how any evidence that could have been discovered would have assisted his defense. In addition, petitioner has not described how he would have been in a better position to defend himself if counsel had reviewed the discovery materials with him.

While petitioner asserts counsel was ineffective, he has failed to demonstrate he suffered prejudice as a result of the actions counsel allegedly failed to take. As a result, the rejection by the state courts of this claim was not contrary to, or any unreasonable application of, clearly established federal law.

## Recommendation

This petition for writ of habeas corpus should be denied.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 8th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge